## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| UNITED STATES BANKRUPTCY COURT | NORTHERN DISTRICT OF ILLINOIS |
|---|---|

IN RE:

STEVEN H BAHARY                                In Bankruptcy No.: 13-45984
                    Debtor.                       Judge Jacqueline P. Cox

---

**MOTION BY DEBTOR TO REOPEN CHAPTER 7 CASE TO AVOID JUDICIAL LIEN**

The debtor, STEVEN BAHARY, by his attorneys, SWEIS LAW FIRM, P.C., moves the court pursuant to 11 U.S.C. § 350(b) to reopen the above-entitled case, and in support of the motion respectfully presents:

1. On November 27, 2013, debtor, Steven H. Bahary, filed a petition for relief under Chapter 7 of title 11 of the United States Code.

2. On December 5, 2014, debtor was granted discharge.

3. On August 22, 2018, a final decree closing the case was issued.

4. During the bankruptcy proceeding, debtor's counsel did not avoid one judgment liens placed on debtor's primary residence located at 6635 N. Longmeadow, Lincolnwood, Illinois 60712 by FirstMerit Bank, N.A.

5. FirstMerit Bank, N.A. has since been acquired by The Huntington National Bank.

6. During the bankruptcy proceeding, debtor was entitled to avoid the judgment liens.

7. Section 350(b) of the Bankruptcy Code authorizes this court to reopen a case to accord relief to the debtors, or for "other cause." 11 U.S.C. § 350(b).

8. Debtor seeks to reopen his bankruptcy case to file a motion to avoid judgment liens.

1

9. A trustee does not need to be appointed in this reopened case because there are no assets to be administered.

**MOTION TO AVOID LIEN**

1. Debtor currently owns the real property located at 6635 N. Longmeadow in Lincolnwood, Illinois 60712 ("Property").

2. The Property is encumbered by three liens presently.

3. Two of the three liens are consensual mortgage liens.

4. The third lien is a judgment lien held by FirstMerit Bank, N.A.

### VALUE OF THE MORTGAGE LIENS

5. At the time of Debtor's bankruptcy filing ("petition date"), JP Morgan Chase Bank held a first mortgage lien against the Property in the approximate amount of $907,564.00. The loan is presently serviced by Select Portfolio Servicing ("SPS"). Bridgeview Bank Group held a second mortgage lien against the Property in the approximate amount of $245,417.00 (the "Second Lien"). The present lien holder is Delarad, Inc.

### FIRSTMERIT N.A.'S JUDGMENT LIEN

6. On or about January 23, 2013, FirstMerit Bank, N.A. obtained a monetary judgment against the Debtor in the approximate amount of $1,637,688.62 in Cook County case number 2011 L 010361. Exhibit 2, a true and correct copy of the Memorandum of Judgment.

7. In the state of Illinois, a judgment operates as a lien against all assets of a judgment debtor. *See generally*, 735 ILCS 5/12-101 *et seq*.

**VALUE OF THE SUBJECT PROPERTY**

8. On November 27, 2013, Debtor estimated that the value of the Property was $600,000.00, as reflected in Schedule A of the Debtor's Chapter 7 petition. Attached hereto as Exhibit 1 is a true copy of the Debtor's November 27, 2013 Schedules A; B and C.

9. November 27, 2013, Debtor filed his Schedule C to claim his homestead exemption on the Property. *See* Exhibit 1.

10. The Property remains at a lower value that the liens against it. The debtor has worked out a short sale arrangement with the two mortgage lien holders.

**LEGAL STANDARD**

11. Pursuant to 11 U.S.C. §522(f), "a debtor may avoid a judicial lien to the extent it impairs an exemption to which the debtor would otherwise be entitled to." *In re Vokac*, 273 B.R. 533, 556 (Bankr.N.D.Ill 2002)

12. The Debtor is entitled to and has claimed the maximum homestead exemption pursuant to 735 ILCS/5/12-901 and 5/12-902.

13. "When the property's value, minus the sum of (i) other liens, (ii) the exemption and (iii) the judicial lien, produces a negative number, this is the extent to which the lien should be avoided. This is the extent to which the exemption is impaired. It may be more or less than the face amount of the judicial lien and may result in a full or a partial avoidance of that lien." *Sheth v. Affiliated Realty & Mgmt. Co (In re Sheth)*, 225 B.R. 913 (Bankr. N.D. Ill 1998).

14. The valuation to be applied is the value of the Property at the time of the bankruptcy filing. *In re Vokac*, 273 B.R. 553, 557 (Bankr. N.D. Ill. 2002).

3

**ARGUMENT**

15. Applying the formula set forth in *Sheth* establishes that FirstMerit Bank's liens are wholly unsecured and should be fully avoided.

16. When using the value of the Property and applying the formula set forth in *Sheth*, FirstMerit Bank's judicial lien impair the Debtor's homestead exemption by $2,205,669.62:

| | |
|---|---|
| Property Value: | $600,000.00 |
| First Mortgage Lien: | ($-907,564.00) |
| Second Mortgage Lien: | ($-245,417.00) |
| Homestead Exemption: | ($-15,000.00) |
| FirstMerit Bank, N.A.'s Judicial Lien: | ($-1,637,688.62) |
| | **(-$2,205,669.62)** |

17. The $2,205,669.62 impairment is more than the actual value of FirstMerit's judicial lien.

18. Therefore, pursuant to 11 U.S.C. §522(f) and *Sheth,* FirstMerit Bank's judicial lien should be fully avoided.

19. In order for the judicial lien holder to have even a portion of its Judicial Lien secured, the value of the property would have had to exceed $1,165,000.00.

20. Upon information and belief, FirstMerit Bank does not contend that the Property is worth more than $1,165,000.00. Neither party appears to have filed a proof claim to demonstrate otherwise.

**WHEREFORE**, the Debtor, STEVEN BAHARY, prays that this Honorable Court enter an order:

A. Reopening the Chapter 7 Bankruptcy;

B. Entering an order fully avoiding FirstMerit Bank's, N.A. nonmortgage lien pursuant to 11 U.S.C. §522(f) and close the bankruptcy case; and

C. For such other relief as the Court deems fair and proper.

s/David R. Sweis_____
David R. Sweis, Attorney for Debtor

Name: Sweis Law Firm, P.C.
Atty. No.: 6293914
Attorney for: Debtor
Address: 53 W. Jackson Blvd, Suite 1001
City/State/Zip: Chicago, Illinois 60604
Telephone: (630) 575 – 8505
Email: david@sweislaw.com